NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANK KARL HERTEL,

Plaintiff - Appellant,

v.

RYAN THORNELL, Director of the
Arizona Department of Corrections,
Rehabilitation; K. LORONO; CHARLES L
RYAN, AKA Charles Ryan; MONTIEL,
Huachuca Kitchen Manager; R. MCGILL,
Kitchen Manager,

Defendants – Appellees.

No. 25-2233

D.C. No.
3:21-cv-08044-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted June 30, 2026[**]

Before: GOULD, RAWLINSON, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Frank Karl Hertel appeals from the district court's grant

of summary judgment to Defendants-Appellees Ryan Thornell and K. Lorono.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

Hertel challenges a multitude of the district court's orders. We have jurisdiction under 28 U.S.C.§ 1291. We review summary judgment rulings de novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam). We affirm.

The district court properly granted summary judgment in favor of Defendants on Hertel's Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Establishment Clause, and Free Exercise claims. The district court correctly held that Hertel's Establishment Clause claim based on the denial of meat is moot, as kosher meat is now provided. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017). With respect to the alleged RLUIPA violations—denial of daily fruit, uncut vegetables, kosher cheese and eggs, and the processing of food by non-Jews—Defendants showed that there was "no genuine dispute as to any material fact" that there are compelling government interests in prison order and security, and Defendants further showed beyond dispute that they used the least restrictive means to uphold these interests. *See* Fed. R. Civ. P. 56(a); *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 985 (9th Cir. 2006); *Warsoldier v. Woodford*, 418 F.3d 989, 998 (9th Cir. 2005); *Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005). The remaining First Amendment claims fail for the same reasons because the prison's policies were "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

The district court did not err in granting summary judgment on Hertel's Equal Protection claim. "The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). Here, Hertel failed to provide any evidence of differential treatment between inmates on the Common Fare-Kosher Meat diet and inmates on the Common Fare-Vegan diet, so Hertel's claim could not survive summary judgment. *See id.*

The district court properly granted summary judgment to Defendants on Hertel's Eighth Amendment claims. An Eighth Amendment claim challenging punitive conditions has two elements: (1) the deprivation alleged must be objectively, sufficiently serious, and (2) the prison officials must have acted with deliberate indifference. *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Viewing the record in the light most favorable to Hertel, the district court correctly concluded that "there is no evidence that [Hertel's diet] pose[d] a substantial risk of serious harm to [his] health." The diet's alleged failure to follow USDA guidelines does not establish a constitutional violation. Additionally, Hertel provided no evidence of subjective deliberate indifference.

The district court did not abuse its discretion in denying Hertel's Federal Rule of Evidence 706 request to appoint a dietician, and it did not abuse its discretion in denying Hertel's motion for reconsideration of summary judgment. *See Walker v.*

3                                                        25-2233

*Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A dietician would have been unlikely to help the trier of fact make determinations relevant to whether Defendants acted with subjective deliberate indifference. *See* Fed. R. Evid. 702(a). And we agree with the district court that the issues were "not so complicated as to require the appointment of an expert witness."

A post-summary-judgment motion for reconsideration should only be granted in highly unusual circumstances. *389 Orange St. Partners*, 179 F.3d at 665. Dr. Michael Rapp (an inmate witness whose declaration Hertel offered in support of reconsideration) is not a dietician, and the district court did not abuse its discretion in declining to reconsider its grant of summary judgment in light of the speculative declaration. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014).

The district court properly granted summary judgment to Defendants on Counts Four through Seven of Hertel's complaint. Hertel withdrew Count Four in his response to Thornell's motion for summary judgment. With respect to Count Five, Department Order 902 ("DO 902") imposes no prohibition on legal materials, as inmates have access to a library for up to four hours per week and to a variety of legal materials. Hertel can and has obtained extensive access to legal materials, including case law, from a county library. Any limitations on access are related to

25-2233

the prison's legitimate interests in security and order, so DO 902 is not a First Amendment violation. *See Crofton v. Roe*, 170 F.3d 957, 959 (9th Cir. 1999).

The district court properly granted summary judgment on Count Six, as there is no private right of action for obstruction of justice. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). The district court properly granted summary judgment on Count Seven—another Equal Protection claim—because indigent prisoners are not a suspect class, and Hertel failed to provide any evidence that DO 902 treats Hertel differently than other similarly situated inmates. *See Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999); *Nordlinger*, 505 U.S. at 10.

**AFFIRMED.**[1]

---

[1] Hertel's motion for judicial notice (Dkt. No. 19) is denied.